JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kionna West

**DEFENDANTS**
Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceutical Company Limited

**(b)** County of Residence of First Listed Plaintiff    Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff, Esq., Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability   [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   [ ] 368 Asbestos Personal    Injury Product [ ] 340 Marine    Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product    Liability   **PERSONAL PROPERTY** | | [ ] 840 Trademark [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending    Product Liability | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   [ ] 380 Other Personal    Injury    Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury -   [ ] 385 Property Damage    Medical Malpractice    Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment   [ ] 510 Motions to Vacate    Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/   [ ] 530 General    Accommodations | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty    Employment | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities -   **Other:**    Other   [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education   [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); 43 P.S. § 951, et seq.("PHRA").
Brief description of cause:
Plaintiff brings this action against her former emlployer for unlawful race and sex discrimination, retaliation, and harassmen

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   June 11, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Kionna West | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Takeda Pharmaceuticals America, Inc, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| June 11, 2026 | | Plaintiff, Kionna West |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 730 Stockton Drive, Exton, PA 19341 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
 _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KIONNA WEST<br>Exton, PA 19341<br><br>          *Plaintiff*,<br>    v.<br><br>TAKEDA PHARMACEUTICALS<br>AMERICA, INC.<br>730 Stockton Drive<br>Exton, PA 19341<br><br>and<br><br>TAKEDA PHARMACEUTICALS U.S.A.,<br>INC.<br>730 Stockton Drive<br>Exton, PA 19341<br><br>and<br><br>TAKEDA PHARMACEUTICAL<br>COMPANY LIMITED.<br>730 Stockton Drive<br>Exton, PA 19341<br><br>          *Defendants*. | CIVIL ACTION NO.:<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

## I.    INTRODUCTION

Plaintiff, Kionna West, brings this action against her former employers, Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceutical Company Limited (collectively, "Defendants"), for unlawful race and sex discrimination, retaliation, and harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951,

1

*et seq.*("PHRA"). Plaintiff seeks all appropriate relief, including back-pay, front-pay, compensatory damages, punitive damages, attorneys' fees and costs, and any other available relief that this Court deems appropriate.

## II.     PARTIES

1.     Plaintiff, Kionna West, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Exton, Pennsylvania 19341.

2.     Plaintiff is Black/African American.

3.     Plaintiff is female.

4.     Defendant Takeda Pharmaceuticals America, Inc. is a corporation maintaining a place of business at 730 Stockton Drive, Exton, Pennsylvania 19341.

5.     Defendant Takeda Pharmaceuticals U.S.A., Inc. is a corporation maintaining a place of business at 730 Stockton Drive, Exton, Pennsylvania 19341.

6.     Defendant Takeda Pharmaceutical Company Limited is a corporation maintaining a place of business at 730 Stockton Drive, Exton, Pennsylvania 19341.

7.     At all times material hereto, Defendants constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

8.     At all relevant times, Defendants employed fifteen (15) or more employees.

9.     At all times material hereto, Defendants acted by and through their authorized agents, representatives, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all relevant times, Defendants acted as an employer within the meaning of the statutes which form the basis of this matter.

11.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under Title VII, Section 1981, and the PHRA.

13.     The District Court has jurisdiction over Count I (Title VII) and Count II (Section 1981) pursuant to 28 U.S.C. § 1331.

14.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District Court under 28 U.S.C. § 1391(b).

16.     On or about September 24, 2024, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination and retaliation alleged herein. Plaintiff's PHRC Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

17.     On or about April 13, 2026, the EEOC issued Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

3

## IV.    FACTUAL ALLEGATIONS

19.    Plaintiff was hired by Defendants on or about July 10, 2023.

20.    Plaintiff held the position of Analyst II, Pricing Operations and Eligibility.

21.    Plaintiff consistently performed her job duties in a highly competent manner.

22.    Plaintiff reported to Cory Bauer (white, male), Manager, Pricing Operations and Eligibility. Bauer reported to Candace Velez (white, female), Associate Director, Pricing. Velez reported to Julie Mervine (white, female), Senior Director, Chargebacks.

23.    On or about October 15, 2023, while on a work trip, Bauer texted Plaintiff repeatedly, asking her to have dinner with him and instructing her that she should have dinner with him.

24.    Plaintiff declined, stating that she was doing other things that evening.

25.    Bauer instructed Plaintiff to send him the address of her location. Plaintiff continued to decline to meet with him. Later that night, Bauer texted Plaintiff, stating that he was still up and waiting at the hotel bar for her, that the hotel bar did not close until late, and that they could get a drink there together.

26.    Plaintiff understood that Bauer wanted to engage in conduct of a sexual and/or personal nature with her. Plaintiff rejected Bauer's advances.

27.    After Plaintiff rejected Bauer's advances, she was treated differently and worse, and in a more hostile and dismissive manner. Such examples, include, without limitation:

   a.    Plaintiff's performance was unjustly criticized;

   b.    Expectations of Plaintiff were changed;

   c.    Plaintiff's expense reimbursement requests, submitted per Defendants' policy, were not reimbursed;

4

d.  Plaintiff's hours were not approved;

e.  Plaintiff was excluded from meetings and communications related to her job duties;

f.  Plaintiff was given tasks and assignments that were difficult to complete in the timeframe provided;

g.  Plaintiff was required to work hours that were not required of other employees;

h.  Plaintiff was instructed to complete assignments at the last minute and/or outside of work hours and/or just before the end of the workday;

i.  Plaintiff was unjustly criticized for not being productive enough during a half day;

j.  Plaintiff was unjustly criticized for not getting enough done, leaving her white and male coworkers buried in work.

28.  On or about December 12, 2023, at a work dinner, at which Plaintiff was the only female employee and the only Black employee present, Defendants' employees, including, Bauer and Christopher Cruz (Hispanic, male), Manager, Chargebacks, engaged in comments of a sexist and racist nature.

29.  Bauer commented that female employees at Defendants were "cat fishing" on their work photos, all of them were much uglier or older than their pictures showed, and that he wondered if they were married.  Cruz remarked to Plaintiff that she looked thinner and had longer hair in her picture.

30.  On or about December 19, 2023, Plaintiff complained of race and sex discrimination to Velez and provided examples of the same. Velez stated that Plaintiff's experiences were not right, and that she would speak with Bauer and Cruz.

31.  After Plaintiff engaged in protected activity, she was treated differently and worse, and in a more hostile manner, including, without limitation:

5

a.  Plaintiff was spoken to and interacted with in a condescending manner and unfairly criticized;

b.  Plaintiff was given tasks and assignments that were difficult to complete in the timeframe provided;

c.  Plaintiff was ignored;

d.  Plaintiff was given an increased workload;

e.  Plaintiff was held to a higher, more stringent standard.

32.    On February 9, 2024, in a team meeting, Cruz yelled at Plaintiff and was demeaning toward her in front of other employees.

33.    Cruz commented that Plaintiff did not think, had an attitude, and that was how "you people" were.

34.    Following the above meeting, Cruz told Plaintiff that he did not want her to work with his team any longer, which was a part of her job duties and responsibilities.

35.    On February 12, 2024, in a performance review meeting with Bauer, he stated that Plaintiff had not been learning or doing things correctly and failed to give Plaintiff a full raise.

36.    On April 23, 2024, in an online submission to Defendants' People Solutions, Plaintiff complained of race and sex discrimination in connection with Bauer.

37.    Defendants failed to take appropriate corrective action.

38.    Defendants failed to remedy or prevent the race and sex discrimination and retaliation to which Plaintiff was being subjected.

39.    On or about May 12, 2024, Plaintiff applied for the posted Government Pricing Senior Analyst position.

40.    Plaintiff was qualified for the position, and it would have constituted a promotion for her.

41.    On May 28, 2024, Plaintiff interviewed for the position with Kristen Donahue, Director of Government Pricing.

42.    On June 11, 2024, in a meeting with Bauer and Velez, Defendants issued Plaintiff a Coaching Document, which was scheduled to last thirty (30) days.

43.    Plaintiff's performance did not warrant a Coaching Document.

44.    When Plaintiff attempted to provide her perspective, she was accused of having an attitude and being aggressive and told that she was not allowed to submit a rebuttal.

45.    Defendants did not hold weekly meetings with Plaintiff to discuss her progress in connection with the Coaching Document, even though the Coaching Document stated the same would occur.

46.    On July 2, 2024, Defendants failed to promote/hire Plaintiff. Donahue stated that she spoke with Velez and Mervine, and that the Government Pricing Senior Analyst position would be downgraded from Level II to Level I, and the pay would be less than Plaintiff made in her current position. Defendants informed Plaintiff that she was still not permitted to be hired into the role.

47.    Plaintiff asked Mervine if she could transition into an open role on her team, working in Chargebacks. Mervine told Plaintiff that she could not be hired into any such role.

48.    Plaintiff was told that there were no positions at Defendants for her.

49.    On July 16, 2024, Bauer informed Plaintiff that her Coaching Document period would extend to July 24, 2024.

7

50.     On July 24, 2024, in a meeting with Irving Forestier (white, male), Employee Relations Partner, Forestier stated that Plaintiff was under investigation regarding a conflict of interest.

51.     On July 24, 2024, following the above, in a meeting with Bauer and Velez, Defendants placed Plaintiff on administrative leave, without explanation, effective immediately.

52.     On July 25, 2024, Defendants terminated Plaintiff's employment, effective immediately.

53.     The stated reason was that Plaintiff worked a second job and did not notify Defendants of the same in violation of policy.

54.     Plaintiff did not hold a second job that was a conflict of interest to Defendants.

55.     Plaintiff did not fail to make the proper notification of conflict of interest.

56.     Plaintiff did not violate Defendants' policy.

57.     Defendants' stated reason for terminating Plaintiff is false and pretextual.

58.     At the time of Plaintiff's termination, Plaintiff was the only Black employee and female employee reporting to Bauer.

59.     At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, reported to Bauer: (1) Jon Kline (white, male), Analyst II; (2) Andrew DiLiberto (white, male), Analyst I.

60.     Plaintiff was more qualified than both employees.

61.     Following Plaintiff's termination, Defendants hired a white, male Analyst I to report to Bauer.

62.     Plaintiff's race was a motivating and determinative factor in Defendants' decision to terminate her employment.

8

63. Plaintiff's race was a motivating and determinative factor in Defendants' decision not to promote/hire her to the position of Government Pricing Senior Analyst.

64. Plaintiff's race was a motivating and determinative factor in the discriminatory treatment alleged herein, including, without limitation, failing to give Plaintiff a full raise, issuing her a Coaching Document, placing her on administrative leave, and failing to hire her into any other role within Defendants for which she was qualified, including a position working in Chargebacks.

65. Plaintiff's sex was a motivating and determinative factor in Defendants' decision to terminate her employment.

66. Plaintiff's sex was a motivating and determinative factor in Defendants' decision not to promote/hire her to the position of Government Pricing Senior Analyst.

67. Plaintiff's sex was a motivating and determinative factor in the discriminatory treatment alleged herein, including, without limitation, failing to give Plaintiff a full raise, issuing her a Coaching Document, placing her on administrative leave, and failing to hire her into any other role within Defendants for which she was qualified, including a position working in Chargebacks.

68. Plaintiff's combination of race and sex was a motivating and determinative factor in Defendants' decision to terminate her employment.

69. Plaintiff's combination of race and sex was a motivating and determinative factor in Defendants' decision not to promote/hire her to the position of Government Pricing Senior Analyst.

70. Plaintiff's combination of race and sex was a motivating and determinative factor in the discriminatory treatment alleged herein, including, without limitation, failing to give

Plaintiff a full raise, issuing her a Coaching Document, placing her on administrative leave, and failing to hire her into any other role within Defendants for which she was qualified, including a position working in Chargebacks.

71. Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendants' decision to terminate her employment.

72. Plaintiff's engaging in protected activity was a motivating and determinative factor in Defendants' decision not to promote/hire her to the position of Government Pricing Senior Analyst.

73. Plaintiff's engaging in protected activity was a motivating and determinative factor in the retaliatory treatment alleged herein, including, without limitation, failing to give Plaintiff a full raise, issuing her a Coaching Document, placing her on administrative leave, and failing to hire her into any other role within Defendants for which she was qualified, including a position working in Chargebacks.

74. Plaintiff was subjected to severe and/or pervasive conduct that interfered with her ability to perform her job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

75. Plaintiff's sex and/or race and/or combination of sex/race and/or engaging in protected activity were motivating and determinative factors in the hostile work environment to which Plaintiff was subjected.

76. The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

10

77.     Defendants failed to remedy or prevent the race and sex discrimination and retaliation to which Plaintiff was subjected.

78.     Defendants' comments and conduct evidence a bias against female and/or Black and/or complaining employees.

79.     The retaliatory actions taken against Plaintiff after she complained of unlawful conduct would have discouraged a reasonable employee from complaining of unlawful conduct.

80.     As a direct and proximate result of the discriminatory, harassing, and retaliatory conduct of Defendants, Plaintiff has in the past incurred and may in the future incur a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

81.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

82.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

## COUNT I – TITLE VII

83.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

84.     By committing the foregoing acts of discrimination, retaliation, and harassment against Plaintiff, Defendants have violated Title VII.

85.     Defendants acted with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

86. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein.

87. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

88. No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

89. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

90. By committing the foregoing acts of discrimination, harassment, and retaliation against Plaintiff, Defendants violated Section 1981.

91. Said violations were done with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

92. As a direct and proximate result of Defendants' violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein.

93. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

94. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

95. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

96. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated the PHRA.

97.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

98.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

99.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.      declaring the acts and practices complained of herein to be in violation of Title VII;

b.      declaring the acts and practices complained of herein to be in violation of Section 1981;

c.      declaring the acts and practices complained of herein to be in violation of the PHRA;

d.      enjoining and permanently restraining the violations alleged herein;

e.      entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

f.      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

g.      awarding Plaintiff back pay;

h.      awarding Plaintiff front pay;

13

i.        Awarding Plaintiff for compensatory damages for all lost earnings, benefits, wages, past and future;

j.        awarding punitive damages to Plaintiff;

k.        awarding Plaintiff attorneys' fees and costs of this action;

l.        awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, and the PHRA;

m.        granting such other and further relief as this Court may deem just, proper, or equitable.

**CONSOLE MATTIACCI LAW, LLC**

Dated:  June 11, 2026           By:    */s/ Lane J. Schiff*
                                Lane J. Schiff, Esquire
                                **CONSOLE MATTIACCI LAW, LLC**
                                1525 Locust Street, 9th Floor
                                Philadelphia, PA 19102
                                Phone: (215) 545-7676
                                schiff@consolelaw.com

                                *Attorneys for Plaintiff*

14

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

COMPLAINANT:                                    :

                                                :

**KIONNA WEST**                                 :                    Docket No.

                                                :

v.                                              :

                                                :

RESPONDENTS:                                    :

                                                :

**TAKEDA PHARMACEUTICALS**                      :

**AMERICA, INC.**                               :

                                                :

and                                             :

                                                :

**TAKEDA PHARMACEUTICALS**                      :

**U.S.A., INC.**                                :

                                                :

and                                             :

                                                :

**TAKEDA PHARMACEUTICAL**                       :

**COMPANY LTD.**                                :

                                                :

1.  The Complainant herein is:

    Name:              Kionna West

    Address:           REDACTED
                       Bryn Mawr, PA 19010

2.  The Respondents herein are:

    Names:             Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceuticals
                       U.S.A., Inc.; Takeda Pharmaceutical Company Ltd.

    Address:           730 Stockton Drive
                       Exton, PA 19341

3.   I, <u>Kionna West</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female), my race (black), and the combination of my sex and race ("sex/race"), and retaliation because of my engaging in protected activity, as set forth below.

**<u>Discrimination and Retaliation</u>**

**A.  I specifically allege:**

[1]         I was hired by Respondents on or about July 10, 2023.

[2]         I last held the position of Analyst II, Pricing Operations and Eligibility.

[3]         I consistently performed my job duties in a highly competent manner.

[4]         I last reported to Cory Bauer (white, male), Manager, Pricing Operations and Eligibility.  Bauer reported to Candace Velez (white, female), Associate Director, Pricing.  Velez reported to Julie Mervine (white, female), Senior Director, Chargebacks.  Mervine reported to Matthew Collins (black, male), Vice President, Finance.

[5]         On October 15, 2023, while on a work trip, Bauer texted me repeatedly, asking me to have dinner with him and instructing me that I should have dinner with him.  I declined, stating that I was doing other things that evening.  He instructed me to send him the address of where I was.  I continued to decline to meet up with him.  Later that night, he texted me, stating that he was still up and waiting at the hotel bar for me.  He stated that the hotel bar did not close until late, and we could get a drink there together.

[6]         I rejected Bauer's advances.

[7]         I understood that Bauer wanted to engage in conduct of a sexual and/or personal nature with me.

[8]        I understood the above conduct and comments to be based on sex and I was offended by the same.

[9]        After I rejected Bauer's advances, I was treated differently and worse, and in a more hostile and dismissive manner, than white and/or male and/or non-objecting employees were treated.

[10]        My performance was unjustly criticized.

[11]        Expectations of me were changed.

[12]        My expense reimbursement requests, submitted per Respondents' policy, were not reimbursed.

[13]        I was excluded from meetings and communications related to my job duties.

[14]        I was piled on with tasks and assignments that were difficult to complete in the timeframe provided.

[15]        I was required to work hours that white and/or male and/or non-objecting employees were not.

[16]        I was instructed to complete assignments at the last minute and/or outside of work hours and/or just before the end of the workday.

[17]        I was unjustly criticized for not being productive enough during a half day.

[18]        I was unjustly criticized for not getting enough done, leaving Bauer and Jon Kline (white, male), Analyst II, "buried" in work.

[19]        On December 12, 2023, at a work dinner, at which I was the only female employee and the only black employee present, Bauer, Kline, Christopher Cruz (Hispanic, male),

Manager, Chargebacks, engaged in comments of a sexist and racist nature.  Bauer commented that female employees at Respondents were "cat fishing" on their work photos, commented that all of them were much uglier or older than their pictures showed, and commented that he wondered if they were married.

[20]     On or about December 19, 2023, in a meeting with Velez, I complained of race and sex discrimination.  I stated that I felt targeted by Bauer and Cruz as the only female employee on my team, and that I was being piled on with work while Kline (white, male) seemingly had no pressure to deliver anything.  I stated that Bauer repeatedly badgered me during our weekly meetings and demanded more from me than he expected from Kline.  I stated that Cruz ignored me and gave me dirty looks and held department meetings with everyone except me.  She stated that what I was experiencing was not right, and she would speak with Bauer and Cruz.

[21]     After I engaged in protected activity, I was treated differently and worse, and in a more hostile and dismissive manner.

[22]     I was spoken to and interacted with in a condescending manner.

[23]     I was piled on with tasks and assignments that were difficult to complete in the timeframe provided.

[24]     I was ignored.

[25]     I was held to a higher, more stringent standard.

[26]     On February 9, 2024, in a team meeting, Cruz yelled at me and was demeaning toward me in front of other employees.  Cruz commented that I did not think and that I had an attitude, and that was how "you people" were.  I understood his comments to be race biased.  I was visibly upset during the meeting.

[27]	Following the above meeting, Cruz told me that he did not want me to work with his team any longer, which was a part of my job duties and responsibilities.

[28]	On February 12, 2024, in a performance review meeting with Bauer, he stated that I had not been learning or doing things correctly, and failed to give me a full raise.

[29]	Respondents failed to give me a full raise because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[30]	On April 23, 2024, in an online submission to Respondents' People Solutions, I complained of race and sex discrimination in connection with Bauer.

[31]	Respondents failed to investigate my complaints.

[32]	Respondents failed to remedy or prevent the race and sex discrimination and retaliation against me.

[33]	On May 12, 2024, I applied for the posted Government Pricing Senior Analyst position, which would have been a promotion for me.  I was qualified for the position.

[34]	On May 28, 2024, I interviewed with Kristen Donahue (white, female), Director of Government Pricing, for the Government Pricing Senior Analyst position.

[35]	On June 11, 2024, in a meeting with Bauer and Velez, Respondents issued me a Coaching Document.  My performance did not warrant a Coaching Document.  The Coaching Document was scheduled to last thirty (30) days.  When I attempted to provide my perspective, I was accused of having an attitude and being aggressive.  I was told that I was not allowed to submit a rebuttal to the Coaching Document.

[36]	Respondents issued me a Coaching Document because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[37]     Weekly meetings were not held with me to discuss my progress in connection with the Coaching Document, despite the statements in the Coaching Document that weekly meetings would be held with me.

[38]     On July 2, 2024, in a meeting with Donahue, Respondents failed to promote me.  Donahue stated that she spoke with Velez and Mervine, and that the Government Pricing Senior Analyst position would be downgraded from a Level II to a Level I, and the pay would be less than I was making in my Analyst II position.  Instead of a promotion, the position, if I accepted it, would be a demotion.  I was told that there were no positions at Respondents for me.

[39]     Respondents failed to promote me because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[40]     On July 16, 2024, in a meeting with Bauer, he stated that my Coaching Document period would be extended and would end on July 24, 2024.

[41]     On July 24, 2024, in a meeting with Irving Forestier (white, male), Employee Relations Partner, he stated that I was under investigation regarding a conflict of interest.

[42]     On July 24, 2024, following the above, in a meeting with Bauer and Velez, Respondents placed me on administrative leave, without explanation, effective immediately.

[43]     On July 25, 2024, in an email from Forestier, copying Bauer, Respondents terminated my employment, effective immediately.  The stated reason was that I was working a second job and I did not notify Respondents of the same in violation of policy.

[44]     Despite what my termination letter stated, I did not know that Respondents were "reviewing information that [I had] a second job while employed by Takeda and failed to make the proper notification of conflict of interest."

[45]     I did not hold a second job that was a conflict of interest to Respondents.

[46]     I did not fail to make the proper notification of conflict of interest.

[47]     I did not violate Respondents' policy.

[48]     At the time of my termination, I was the only black employee reporting to Bauer.

[49]     At the time of my termination, I was the only female employee reporting to Bauer.

[50]     At the time of my termination, I was the only employee reporting to Bauer who, to my knowledge, engaged in protected activity.

[51]     I was the only employee, to my knowledge, who was terminated on July 25, 2024.

[52]     At the time of my termination, the following employees, in addition to me, reported to Bauer.  I was more qualified for these employee's positions.

     a)  Jon Kline (white, male), Analyst II;

     b)  Andrew DiLiberto (white, male), Analyst I.

[53]     Following my termination, Respondents hired _____ (white, male), Analyst I, reporting to Bauer.  I was more qualified for position than the white, male employee who was hired after I was terminated.

[54]     Respondents terminated my employment because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[55]    Respondents subjected me to a hostile work environment because of my sex and/or my race and/or my sex/race and/or my engaging in protected activity.

[56]    I had no opportunity to remain employed with Respondents.

[57]    Respondents assigned my job duties and responsibilities to noncomplaining and/or white and/or male employees.  I was more qualified to perform my job duties and responsibilities than the noncomplaining, white, and/or male employees to whom my job duties and responsibilities were assigned.

[58]    Respondents failed to remedy or prevent the race and sex discrimination and retaliation to which I was subjected.

[59]    Respondents' sex, race, and sex/race discriminatory and retaliatory conduct and comments toward me have caused me emotional distress.

[60]    Respondents' comments and conduct evidence a bias against female and/or black and/or complaining employees.

**B.**  Respondents have discriminated against me because of my sex (female), my race (black), and the combination of my sex and race ("sex/race"), and retaliated against me because of my engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.* ("1981").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     X      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):    (a); (d)**

_____    Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   **X**    **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.    The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

   complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

09/24/2024
(Date Signed)

(Signature)    Kionna West
REDACTED
Bryn Mawr, PA 19010

# EXHIBIT 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 4/13/2026

**To:**   Kionna West
REDACTED
Bryn Mawr, PA 19010

Charge No:  17F-2025-60047
EEOC Representative and email:      State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  4/13/2026

Karen McDonough
Deputy District Director

cc:      For Respondent                                    For Charging Party
Jordan Woody Esq.                              Emily R Derstine Friesen, Esq.
Seyfarth Shaw LLP                              Console Mattiacci Law, LLC
2323 Ross Ave, Suite 1660                      1525 Locust Street, 9th Floor
Dallas, TX 75201                               Philadelphia, PA 19102

Please retain this notice for your records.